IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/18/2014

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| IN RE                             | ) |                              |
| SACIA L. LAVENDER and CARL E. JONES, | ) | CASE NO. 13-34008-H3-13      |
| Debtors,                          | ) |                              |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from Stay Regarding Exempt Property" (Docket No. 98) filed by Noailles Lavender. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On July 1, 2013, Sacia L. Lavender and Carl E. Jones ("Debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code.

Prior to the date of filing of the petition in the instant case, Noailles Lavender ("Movant"), who is the mother of Sacia Lavender, filed suit against Debtors in the 359th Judicial District Court of Montgomery County, Texas. The state court

judge filed, with the Clerk of the state court, a letter, dated

May 9, 2013, stating rulings the judge made in the state court

case.  (Movant's Exhibit 3).[1]

Movant has filed a proof of claim in the instant case

based on the state court's ruling, asserting a debt of $242,000,

secured by an equitable lien on Debtors' interest in real

property located at 12056 Forest Glen Dr., Conroe, Texas.

(Movant's Exhibit 2).

In the instant motion and in response to a claim

objection[2] filed by Debtors, Movant asserts that the May 9, 2013

letter is a rendition of judgment, leaving only the entry of

judgment by the state court remaining as a ministerial act.

(Docket Nos. 64, 98).  Debtors assert that the letter is not a

judgment, and assert that the state court is barred from creation

of an equitable lien by the Texas Constitution.  Debtors assert

that Movant's claim is unsecured.  (Docket Nos. 63, 102).

---

[1]The state court pleadings are not in evidence.  In Movant's
response (Docket No. 103) to Debtors' motion for summary judgment
on their claim objection, Movant argues that she and Debtors had
an agreement whereby Movant would convey the property to Debtors
in exchange for their agreement to provide care for her.  The
state court letter ruling stated in pertinent part: 1) that there
was a contract between Movant and Debtors, and that Debtors
breached the contract; 2) that Sacia Jones (presumably, Sacia
Lavender) assaulted Movant; 3) that there were damages of
$242,000; 4) that an equitable lien be imposed on the property;
5) that the property be ordered sold, with Movant to recover her
damages from the sale proceeds.

[2]The claim objection, Docket No. 63, remains pending.

In the instant motion, Movant seeks relief from stay, in order to seek entry of judgment in state court, and to execute on that judgment.  (Docket No. 98).

At the hearing on the instant motion, Sacia Lavender testified that she believes the state court trial was not completed, because her counsel in the state court trial was not accorded an opportunity to present argument as to the language of the final judgment.  Carl Jones testified that he believes there was still an opportunity to present evidence in the state court.

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court considers whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).

In the instant case, there is insufficient evidence of prejudice to the bankruptcy estate in allowing modification of the stay to allow the state court to enter judgment, and the parties to pursue whatever appeals they deem necessary.  There is

insufficient evidence of any hardship to Movant through

continuation of the stay.  As to the merits of the underlying

case, Movant has a probability of prevailing on the merits, in

light of the fact that the trial has concluded and the state

court has issued a letter ruling in Movant's favor.  The court

concludes that Debtors have not met their burden of proof in

opposing relief from stay.

Based on the foregoing, a separate Judgment will be

entered granting in part the "Motion for Relief from Stay

Regarding Exempt Property" (Docket No. 98) filed by Noailles

Lavender.

Signed at Houston, Texas on September 18, 2014.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE