IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| SACIA L. LAVENDER and | ) CASE NO. 13-34008-H3-13 |
| CARL E. JONES, | ) |
|  | ) |
| Debtors, | ) |
|  | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Additional Relief from the Stay Regarding Exempt Property" (Docket No. 124) filed by Noailles Lavender.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

On July 1, 2013, Sacia L. Lavender and Carl E. Jones ("Debtors") filed a joint voluntary petition under Chapter 13 of the Bankruptcy Code.

At the hearing on the instant motion, Noailles Lavender ("Movant"), who is the mother of Debtor Sacia Lavender, testified that she agreed to convey the real property located at 12056 Forest Glen Dr., Conroe, Texas (the "Forest Glen Property"), to

Sacia Lavender upon Movant's death. In exchange, Sacia Lavender was to provide care for Movant during Movant's lifetime.

Movant testified that Debtor Carl Jones prepared a deed immediately conveying the Forest Glen Property to Sacia Lavender, and drove Movant to the bank to have the deed notarized. Movant testified that she was not aware that the deed immediately conveyed title to the Forest Glen Property.[1]

The deed was filed in the real property records of Montgomery County, Texas, on October 23, 2006. (Movant's Exhibit 1).

Movant testified that she did not receive the care for which she had negotiated. She testified that, when she became aware that the deed immediately conveyed title to the Forest Glen Property, she filed suit in state court.

Prior to the date of filing of the petition in the instant case, Movant filed suit against Debtors in the 359th Judicial District Court of Montgomery County, Texas.

After a bench trial, the state court judge made a ruling in the state court case. The ruling, in the form of a letter dated May 9, 2013, was filed with the clerk of the state court. (Movant's Exhibit 3).

---

[1] Movant testified that she is 84 years of age.

The letter ruling[2] provides in pertinent part:

[T]his court finds by a preponderance of the evidence the following:

1. <u>BREACH OF CONTRACT CLAIM-</u> The Court finds that the Plaintiff had an agreement with Defendant Sacia Jones and that the Defendants breached that agreement.

2. <u>ASSAULT BY SACIA JONES-</u> The Court finds that Sacia Jones assaulted the Plaintiff.

3. <u>DEFENDANTS' CLAIM OF GIFT-</u> There are no pleadings by Defendants to support the affirmative defense of claim of gift.

4. <u>DAMAGES-</u>

   a) Loss of use and value of personal property left at the homestead- $20,000.00;

   b) Loss of food, shelter, services and care by Defendants until the probably end of Plaintiff's life- $180,000.00;

   c) Attorney's fees for the Plaintiff- $22,000.00;

   d) Assault by Sacia Jones against the Plaintiff- $20,000.00;

5. <u>REQUEST FOR EQUITABLE LIEN AND ORDER FOR SALE OF PROPERTY-</u> The request that an equitable lien be imposed on the homestead is GRANTED. It is further ORDERED that the property be sold, and that the Plaintiff recover her damages, attorney's fees, and costs from the proceeds of the sale.

(Movant's Exhibit 3).

On July 9, 2014, Movant filed a motion for relief from stay, in order to seek entry of judgment in state court, and to

---

[2]The letter ruling identifies Sacia Lavender as Sacia Lavender-Jones or Sacia Jones, and identifies Movant as the Plaintiff.

execute on that judgment.  After an evidentiary hearing, this court, on September 18, 2014, entered a Judgment which granted the motion in part, permitting completion of the litigation pending in the 359th Judicial District Court of Montgomery County, Texas, and any appeals therefrom.  This court's Judgment of September 18, 2014 did not permit execution of the state court judgment without further order from this court.  (Docket No. 117).  This court also entered a Memorandum Opinion addressing the first motion for relief from stay.  (Docket No. 116).

On November 20, 2014, the state court entered a judgment.  The judgment awards Movant damages against Sacia Lavender for assault, and against both Debtors, jointly and severally, for loss of use and value of personal property, loss of food, shelter, services, and care, and for attorney fees and court costs.  The state court judgment provides that an equitable lien is imposed in favor of Movant against the Forest Glen Property, orders that the Forest Glen Property be sold, and appoints a receiver for the Forest Glen Property.  (Movant's Exhibit 3).  The primary respect in which the November 20, 2014 judgment differs from the May 9, 2013 letter ruling is in the appointment of a receiver.

On December 10, 2014, Debtors filed in the state court an objection to the state court judgment, and a motion for a new trial.  (Movant's Exhibit 4).  No hearing was held on the motion

for new trial.  Debtors have not filed a notice of appeal of the state court judgment.

In the instant motion, Movant seeks further relief from stay in order to execute on the state court judgment.  Debtors oppose relief.  Debtors assert that they believe they have grounds to attack the state court judgment, but that they cannot afford an appeal or to post an appellate bond.  Debtors take the position that the letter ruling of May 9, 2013 is a nullity, such that there was no judgment foreclosing their interest in the property on the petition date in the instant case.  Debtors seek a new trial, in this court, as to the matters raised by Movant in the state court which were the subject of the November 20, 2014 judgment.

Debtors have made no offer of adequate protection as to Movant's interest in the property.

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §§ 362(d)(1).

> Section 362(g) of the Bankruptcy Code provides:
> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

Under Texas law, a rendition of judgment is the pronouncement by the trial court of its conclusions and decision upon the matters submitted to it for adjudication; such conclusions and decisions may be oral or written, and judgment is rendered when the decision is officially announced either orally in open court or by a memorandum filed with the clerk.  McDaniel v. Signal Capital Corp., 198 B.R. 483 (S.D. Tex. 1996).  The May 9, 2013 letter officially announced the ruling of the state court, ordered relief, and was filed with the clerk of the state court.  The court concludes that the May 9, 2013 letter ruling was a rendition of judgment under Texas law.

The deadline to appeal a judgment in a Texas court runs from the date on which the judgment is signed.  Tex. R. Civ. P.

306a. A motion for new trial is considered overruled by operation of law if the motion is not determined by written order within 75 days after the date on which the judgment is signed. Tex. R. Civ. P. 329b(c). A notice of appeal must be filed within 90 days after the date on which the judgment was signed, if any party has timely filed a motion for new trial. Tex. R. App. P. 26.1(a)(1).

This court previously lifted stay in order to allow, inter alia, Debtors' appeal to go forward after the state court judgment was entered, if Debtors so chose. Debtors elected not to pursue their appeal in state court.

The Rooker-Feldman doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. The doctrine has four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

In the instant case, Debtors lost in state court. They allege harm by the state court judgment. The judgment was rendered prepetition. Debtors are seeking a review and reversal

of the state court judgment. The court concludes that the Rooker-Feldman doctrine bars Debtors' attack on the state court judgment. Moreover Debtors have not made an offer of adequate protection, pursuant to 11 U.S.C. § 362(d)(1), as to Movant's interest in the property. The court concludes that cause exists, based on the totality of circumstances, for lifting of the stay to permit Movant to return to state court to seek enforcement of the state court judgment.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Additional Relief from the Stay Regarding Exempt Property" (Docket No. 124) filed by Noailles Lavender.

Signed at Houston, Texas on May 11, 2015.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE